```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**SHELLY M. SELVA,**

        Plaintiff,

  vs.                                Civil Action 2:14-cv-2653
                                          Judge Marbley
                                          Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

## REPORT AND RECOMMENDATION

**I.   Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for a period of disability and disability insurance benefits.  This matter is before the Court for consideration of the *Statement of Errors of Plaintiff, Shelly M. Selva* ("*Statement of Errors*"), Doc. No. 12, and the *Defendant's Memorandum in Opposition*, Doc. No. 17.

Plaintiff Shelly M. Selva protectively filed her application for benefits on October 7, 2011, alleging that she has been disabled since July 7, 2011.  *PAGEID* 46, 162-63.  The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on May 13, 2013, at which plaintiff, represented by counsel, appeared and testified, as did Richard B. Astrike, Ph.D., who testified as a vocational expert.

*PAGEID* 46, 61.  In a decision dated June 28, 2013, the administrative law judge concluded that plaintiff was not disabled from July 7, 2011, through the date of the administrative decision.  *PAGEID* 46-56.  That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on October 16, 2014.  *PAGEID* 35-37.

    Plaintiff was 50 years of age on the date of the administrative decision.  *See PAGEID* 56, 162.  Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a medical assistant.  *PAGEID* 54.  Plaintiff met the special earnings requirements of the Social Security Act on the alleged onset date and continued to meet the requirements through the date of the administrative decision.  *PAGEID* 48.  She has not engaged in substantial gainful activity since July 7, 2011, the alleged onset date.  *Id*.

**II.  Administrative Decision**

    The administrative law judge found that plaintiff's severe impairments consist of degenerative disc disease of the lumbar spine with radiculopathy and status-post open reduction and internal fixation of the right ankle.  *PAGEID* 48.  The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to "perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant cannot climb ladders, ropes, or scaffolds.  She cannot work around hazards, such as unprotected

2

heights or dangerous machinery. She can occasionally climb stairs or ramps, stoop, kneel, crouch, or crawl." *PAGEID* 49. Although this RFC precludes the performance of plaintiff's past relevant work as a medical assistant, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff has acquired skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. *PAGEID* 54-56. The administrative law judge also found that, prior to plaintiff attaining the age of 50, she could perform a significant number of jobs in the national economy, including such representative jobs as hand packer, machine tender, and assembler. *PAGEID* 55-56. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from July 7, 2011, through the date of the administrative decision. *PAGEID* 56.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y

3

*of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole.  *Kirk*, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff first argues that the administrative law judge erred in finding that plaintiff acquired work skills from her past relevant work that are transferable to other occupations.  *Statement of Errors*, pp. 4-6.  Plaintiff argues that "social presentation" is not a skill, that she did not testify to using the phone for business or organizing files while she was a medical assistant, and that "the Dictionary of Occupational Titles does not say that the job of 'medical assistant' (079.362-010) includes organizing files or using the telephone as part of the job duties."  *Statement of Errors*, p. 5.  Plaintiff also argues that "the jobs of receptionist and classification clerk provide vastly different services, require vastly different processes, and use vastly different machines than that of a medical assistant."  *Id*.

4

The determination of disability requires a five-step sequential evaluation:

> The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).  At step five, the Commissioner must identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity and vocational profile. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).  In many cases, the Commissioner may carry this burden by applying the medical-vocational grid at 20 C.F.R. Pt. 404, Subpt. P, App. 2, which directs a conclusion of "disabled" or "not disabled" based on the claimant's age and education and on whether the claimant has transferable work skills. *Wright v. Massanari,* 321 F.3d 611, 615 (6th Cir. 2003); *Burton v. Sec'y of Health & Human Servs.,* 893 F.2d 821, 822 (6th Cir. 1990).  However, if a claimant suffers from a limitation not accounted for by the grid, the Commissioner may use the grid as a framework for her decision, but must rely on other evidence to carry her burden. *Id.*  In such a case, the Commissioner may rely on the testimony of a vocational expert to find that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy.  *Heston,* 245 F.3d at 537–38; *Cline v. Comm'r of Soc. Sec.,* 96 F.3d 146, 150 (6th Cir. 1996).

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Here, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff had acquired skills from past relevant work: "The vocational expert testified that the claimant's past relevant work as a medical assistant was skilled with a specific vocational preparation (SVP) code of 6 and required the following skills: using the telephone for business, organizing files, data entry, patient care, and social presentation." PAGEID 54.  The administrative law judge also relied on the testimony of the vocational expert to find that these skills were transferable to the jobs of receptionist (*Dictionary of Occupational Titles* ("DOT") code

5

237.367-038) and file clerk (DOT code 206.387-010),[1] which exist in significant numbers in the national economy. *PAGEID* 55-56. As noted by the administrative law judge, the vocational expert's testimony is "uncontradicted" and there is "no evidence to the contrary." *Id*. The vocational expert's uncontroverted testimony therefore constitutes substantial evidence supporting the administrative law judge's Step 5 finding that plaintiff acquired skills during the course of the performance of her past relevant work that are transferable to jobs that exist in significant numbers in the national economy. *See Wilson*, 378 F.3d at 548-50; *Kyle v. Comm'r Of Soc. Sec.*, 609 F.3d 847, 856-57 (6th Cir. 2010).

Plaintiff next argues that the administrative law judge erred by not assigning controlling weight to the opinions of her treating physicians, William R. Zerick, M.D., and Rajeswari Lingamneni, M.D. *Statement of Errors*, pp. 6-8. Plaintiff specifically argues that the administrative law judge failed to consider the appropriate factors when evaluating her doctors' opinions and, further, improperly found that those opinions were based on plaintiff's subjective complaints. *Id*.

---

[1] The vocational expert testified that plaintiff acquired skills in her past relevant work that would transfer to such representative jobs as "semiskilled, would be SVP: 4, it's receptionist. The number is 237.367-038" and "a sedentary and skilled job, SVP: 5. That's file clerk, 206.687-010. There'd be about 1,000 in the region and 8,000 in the state." *PAGEID* 87. DOT Code 206.687-010 is actually the code for "classification clerk," not "file clerk." Even though the vocational expert called the job "file clerk," he provided a description of the job that is consistent with the DOT Code for "classification clerk."

The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(c)(2).  Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole.  20 C.F.R. § 404.1527(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson*, 378 F.3d at 544.  Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).  This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from

7

reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Plaintiff treated with Dr. Lingamneni from 2002 to 2013 for low back pain stemming from a work-related injury that occurred in 1991. On November 29, 2011, Dr. Lingamneni opined that plaintiff's "ability to lift heavy weight, prolonged standing, bending, stooping [are] moderately limited." *PAGEID* 252. Dr. Lingamneni also opined on several occasions that plaintiff cannot work because of lumbosacral pain, muscular tenderness and spasms, weakness in her legs, and a history of falls secondary to an unstable gait.[2] *PAGEID* 434-35, 438-39, 441, 448-49,

Plaintiff also treated with Dr. Zerick for her back pain. On September 29, 2010, Dr. Zerick reported that plaintiff had "certainly failed all kinds of conservative treatment." *PAGEID* 249. On September 15, 2011, Dr. Zerick commented that plaintiff "is now no longer working because she is just unable to sit for any length of time because of her back pain." *PAGEID* 245. Dr. Zerick had offered plaintiff an L5-S1 posterior lumbar interior fixation fusion, but the procedure had not been approved by the workers' compensation agency. *Id.* Dr. Zerick had based his recommendation for surgery on a 2011 MRI. *PAGEID* 395. However, a follow-up MRI performed on October 31, 2012, *PAGEID* 396, "changed significantly enough with degenerative

---

[2] Dr. Lingamneni also provided multiple medical opinions in connection with plaintiff's workers' compensation claim prior to plaintiff's alleged disability onset date. *See PAGEID* 307-10. Plaintiff did not rely on these opinions in her *Statement of Errors*.

changes throughout her lumbar spine" that Dr. Zerick felt that surgery would no longer be beneficial. *Id*. Dr. Zerick characterized plaintiff's "biggest issue" as "the amount of opiates that she is on;" he recommended that Dr. Lingamneni "get her off of all the opiates." *Id*.

The administrative law judge evaluated the opinions of Dr. Lingamneni and Dr. Zerick as follows:

> As for the opinion evidence, Dr. Lingamneni offered several opinions for purposes of workers' compensation. Prior to the claimant's alleged onset date, he also opined that the claimant would be unable to work during "flares". She would need to work part-time or reduced schedule. She would be unable to stand or walk for sustained period of time and would need three-days off per flare, which would occur once or twice every two to three months. He subsequently opined that the claimant's ability to lift heavy objects, prolonged standing, bending, and stooping are moderately limited. However, he also indicated that he could not offer an opinion as to the claimant's work related abilities without a functional capacity evaluation (Exhibit 4F). He opined that the claimant was entitled temporary total disability under worker's compensation standards. He opined that the claimant could not return to work as a medical assistant (Exhibit 16F). I give minimal weight to these opinions. These opinions are inconsistent with the medical evidence and are based on the claimant's subjective complaints, particularly as it relates to the claimant's ability to stand and walk or the need for excessive absences. The limitations set forth by Dr. Lingamneni are not consistent with the claimant's daily activities, as set forth above, which support a higher level of physical functioning. Furthermore, these opinions are not function-by-function analyses of what the claimant could despite [sic] her impairments.
>
> Likewise, Dr. Zerick indicated that the claimant was no longer working "because she is just unable to sit for any length of time because of her back pain" (Exhibit 3F/1). I give this opinion minimal weight because it appears to be a restatement of the claimant's subjective complaints and limitations rather than based on any objective evidence.

*PAGEID* 53-54.

9

The administrative law judge's analysis of Dr. Lingamneni's opinions does not violate the treating physician rule. The administrative law judge recognized Dr. Lingamneni as plaintiff's "primary doctor," but discounted his opinions because they were inconsistent with the medical evidence, were based on plaintiff's subjective complaints, were not consistent with plaintiff's daily activities, and were not function-by-function analyses of what plaintiff can do despite her impairments. *PAGEID* 51-54. Plaintiff argues that the administrative law judge "came to these conclusions without considering any of the [] factors" in 20 C.F.R. § 404.1527. *Statement of Errors*, p. 8. This Court disagrees. The administrative law judge expressly considered the length, nature, and extent of the treatment relationship; provided an extensive evaluation of the medical evidence; and explained why Dr. Lingamneni's opinion was inconsistent with the evidence:

> In records from the Ohio Bureau of Workers' Compensation, Dr. Lingamneni recommended that a functional capacity evaluation be performed to assess the claimant's abilities and limitations. He generally indicated limitations stemming from low back pain with associated tenderness and spasm. He also reported bilateral lower extremity weakness but physical exams do not support or corroborate this finding (Exhibit 16F). Dr. Lingamneni's own treatment notes in 2011, 2012, and 2013, fail to specifically mention motor weakness, atrophy, or any other neurological deficits (*see* Exhibits 8F and 15F). Rather, records indicate that the claimant maintained full strength in both legs. Specifically, in December 2012, the claimant went to the emergency department after twisting her ankle while she was walking her dog. She sustained a bimalleolar ankle fracture; however, the examining source noted that the claimant was "otherwise in good health" and no other significant abnormalities were noted. The claimant failed to report her back pain to the emergency department staff. On exam, the source noted intact motor and sensory

10

> functions. The claimant underwent an ORIF of the right ankle. She testified that her ankle has improved significantly following surgery (Exhibit 10F). Likewise, Dr. Lingamneni's treatment notes in 2013 show ongoing low back pain with tenderness, spasm, and reduced range of motion on exam yet no other neurologic, sensory, or motor deficits were noted. Furthermore, Dr. Lingamneni continued the claimant's treatment without making significant adjustments in her care (Exhibit 15F).

PAGEID 51. *See also* PAGEID 50, 52-53. The administrative law judge also explained how the limitations found by Dr. Lingamneni are inconsistent with plaintiff's activities of daily living. *See PAGEID* 53-54. Plaintiff's arguments to the contrary notwithstanding, a formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010).

The administrative law judge also did not err in evaluating Dr. Zerick's opinion. The administrative law judge recognized Dr. Zerick as plaintiff's treating neurosurgeon, but discounted his opinion because it appeared to be merely a restatement of plaintiff's subjective complaints. PAGEID 50, 54. This finding is supported by substantial evidence. Indeed, Dr. Zerick's note that "[plaintiff] is no longer working because she is just unable to sit for any length of time because of her back pain," appears to be a restatement of plaintiff's subjective complaints. PAGEID 245. Moreover, it is not improper for an administrative law judge to consider whether a medical opinion is dependent on the claimant's subjective complaints, especially where, as here, the administrative law judge also finds that the claimant's subjective symptoms and reported limitations are not entirely credible. *See PAGEID* 51-53. The administrative law

11

judge also considered Dr. Zerick's September 2010 opinion that plaintiff "failed all kinds of conservative treatment," PAGEID 249, but found that, "prior to the claimant's alleged onset date, she admitted to significant improvement in overall back pain and functioning with medial branch block treatment (*see* Exhibit 2F)." This finding is also supported by substantial evidence. *See PAGEID* 233.

Plaintiff next argues that the administrative law judge's credibility determination is not supported by substantial evidence. *Statement of Errors*, pp. 9-10. Plaintiff specifically argues that the administrative law judge failed to consider the amount of pain medication prescribed to plaintiff, failed to consider plaintiff's significant earnings from 1999 to 2011, and failed to consider that the Bureau of Workers' Compensation delayed approval of plaintiff's back surgery. *Id*. Plaintiff also argues that the administrative law judge failed to consider that plaintiff's "treating physicians both recommended that she not return to her former position of employment or work in general." *Id*.

A claimant's subjective complaints must be supported by objective medical evidence in order to serve as a basis for a finding of disability. *Casey v. Sec'y of Health & Human Servs*., 987 F.2d 1230, 1234 (6th Cir. 1993). *See also* 42 U.S.C. § 423(d)(5)(A). In evaluating subjective complaints, it must be determined whether there is objective medical evidence of an underlying medical condition. *Stanley v. Sec' of Health & Human Servs*., 39 F.3d 115, 117 (6th Cir.

1994). If so, then the evaluator must determine (1) whether objective medical evidence confirms the severity of the complaint arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged complaint. *Id.*; *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating a claimant's credibility, an administrative law judge should consider the objective medical evidence and the following factors:

    1. The individual's daily activities;

    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

    3. Factors that precipitate and aggravate the symptoms;

    4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

    5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

    6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

    7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7, 1996 WL 374186 (July 2, 1996). *See also* 20 C.F.R. § 404.1529(c).

An administrative law judge's credibility determination is accorded great weight and deference because of the administrative law judge's unique opportunity to observe a witness' demeanor while

testifying.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (citing *Gaffney v. Bowen*, 825 F.2d 98, 973 (6th Cir. 1987)).  However, credibility determinations must be clearly explained.  *See Auer v. Sec'y of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987).  If the administrative law judge's credibility determinations are explained and enjoy substantial support in the record, a court is without authority to revisit those determinations.  *See Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 386–87 (6th Cir. 1978).

In the case presently before the Court, the administrative law judge evaluated plaintiff's testimony and subjective complaints, but found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." *PAGEID* 49-50.  The administrative law judge found that the medical evidence "fails to document that the claimant has demonstrated most of the signs typically associated with chronic, severe pain." *PAGEID* 50-53.  The administrative law judge also found that plaintiff's "treatment has been essentially routine and/or conservative in nature."  *PAGEID* 50 Noting plaintiff's reported activities of daily living, the administrative law judge found that plaintiff's "described daily activities [] are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." *PAGEID* 50-53.  The administrative law judge also noted several inconsistencies in the record.  *See, e.g.*, *PAGEID* 53 ("The claimant testified that she used a cane several times per week

14

but the record fails to evidence that a walking device was medically necessary.  The claimant admitted that the cane was not prescribed by a physician.  Moreover, sources failed to observe the claimant utilizing a cane to ambulate (*see* Exhibits 5F, 10F).").  Plaintiff argues that the administrative law judge failed to consider the opinions of her treating physicians and failed to consider the amount of pain medication prescribed for her. *Statement of Errors*, pp. 9-10. However, as discussed *supra*, the administrative law judge's evaluation of the treating physicians' opinions enjoys substantial support in the evidence.  The administrative law judge also expressly considered the fact that, although Dr. Zerick had recommended surgery, he later "recommended that the claimant not undergo surgery and also recommended that she wean from opiate pain medication."  PAGEID 50-51. In short, the administrative law judge noted and followed the appropriate standards, performed the appropriate evaluation of the evidence, and clearly articulated the bases of his credibility determinations.  The administrative law judge devoted a considerable portion of his decision to the consideration of plaintiff's subjective complaints, *PAGEID* 49-53, but nevertheless found that those complaints were not entirely credible.  The analysis and the credibility determination of the administrative law judge enjoy substantial support in the record.  The Court will not – and indeed may not – revisit that credibility determination. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

15

Having carefully considered the entire record in this action, the Court concludes that the decision of the Commissioner is supported by substantial evidence.  It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those

objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


September 14, 2015                    *s/Norah McCann King*
                                       Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge